```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARVIN NOLASCO RODRIGUEZ,

                        Plaintiff,                20-cv-4118 (PKC)

        -against-                                 OPINION
                                                  AND ORDER
THOMAS DECKER, et al.,

                        Defendants.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Petitioner Marvin Nolasco Rodriguez was detained in connection with Immigration and Customs Enforcement ("ICE") removal proceedings. During a subsequent hearing, an immigration judge denied bond, finding that petitioner had failed to demonstrate by clear and convincing evidence that he was not a danger to the community. Petitioner filed a petition for a writ of habeas corpus, arguing that placing the burden of proof upon him at the bond hearing was a violation of his constitutional Due Process rights. (Doc. 1). The Court agrees and will conditionally grant the petition to the extent indicated below.

BACKGROUND

On March 17, 2019, petitioner, a 21 year old resident of Monroe, New York, was arrested by the New York State Police and charged with a misdemeanor count of Forcible Touching in violation of N.Y. Penal L. § 130.52.[1] (Doc. 1 ¶¶ 26–27); (Doc. 12 at 1). On January 16, 2020, petitioner was detained by ICE pending removal proceedings and has been detained since then. (Doc. 1 ¶¶ 30–31). On March 30, petitioner requested a bond hearing. (Doc. 1 ¶ 40).

---

[1] For the purposes of this motion, the facts alleged in the petition are presumed true unless otherwise noted.

On April 27, an immigration judge held the requested bond hearing for petitioner via videoconference. (Doc. 1 ¶ 48). Petitioner testified and submitted written evidence, including the police reports of the March 17, 2019 arrest, in support of his request for release on bond. (Doc. 1 ¶¶ 44, 48).  The government did not offer witnesses or evidence to rebut petitioner's testimony. (Doc. 1 ¶ 49).

The immigration judge denied bond, finding that petitioner failed to meet his burden of demonstrating, by clear and convincing evidence, that he was not a danger to the community. (Doc. 1 ¶ 50); (Doc. 12 at 3).  The immigration judge specifically found that petitioner's testimony was not credible due to conflicts with the police reports of the March 17, 2019 arrest.  (Doc. 1 ¶ 50); (Doc. 12 at 3 & n.1).  The immigration judge declined to rule on whether petitioner had met his burden of demonstrating that he was not a flight risk.  (Doc. 1 ¶ 50).  Petitioner did not appeal the immigration judge's decision to the Board of Immigration Appeals ("BIA").  (Doc. 12 at 3); (Doc. 15 at 4).  Instead, on May 29, petitioner filed this petition with this Court.

DISCUSSION

I. Exhaustion.

Petitioner has admittedly failed to exhaust his administrative remedies as required because he did not file an appeal with the BIA.  (Doc. 15 at 4).  He argues that the exhaustion requirement should be excused.  The Court agrees that, based on the record presented, petitioner's appeal to the BIA would be futile and, therefore, excuses exhaustion.

"Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'" Howell v. I.N.S., 72 F.3d 288, 291 (2d Cir. 1995) (quoting Guitard v. U.S. Sec'y of Navy, 967 F.2d 737, 740 (2d Cir. 1992)).  As "[t]here is no statutory requirement of administrative exhaustion before immigration detention may be

challenged in federal court by a writ of habeas corpus," the exhaustion requirement in immigration detention cases is a judicially-created prudential standard.  Joseph v. Decker, No. 18-cv-2640 (RA), 2018 WL 6075067, at *5 (S.D.N.Y. Nov. 21, 2018) (quoting Nativi v. Shanahan, No. 16-cv-8496 (JPO), 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017)); see also Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).  Further, the Government agrees that "neither the Second Circuit nor the Supreme Court has squarely held that exhaustion of an appeal to the BIA is required in the context of a bond determination."  (Doc. 12 at 6).  In this case, petitioner chose not to appeal the immigration judge's denial of bond to the BIA and so has not exhausted his administrative remedies.

Failure to exhaust administrative remedies may be excused "when such exhaustion would be futile or where the agency has predetermined the issue before it."  Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (quoting Garcia v. Shanahan, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009)); see also Beharry, 329 F.3d at 62.  Failing to attempt to use administrative remedies is not necessarily dispositive of the exhaustion question if the ultimate outcome of such administrative remedies would be futile.  Velasco Lopez v. Decker, No. 19-cv-2912 (ALC), 2019 WL 2655806, at *2 (S.D.N.Y. May 15, 2019) (excusing exhaustion on futility grounds though petitioner had not appealed to the BIA); see also Garcia v. Decker, No. 20-cv-1345 (LJL), 2020 WL 1435007, at *8 (S.D.N.Y. Mar. 24, 2020); Joseph, 2018 WL 6075067, at *5.

Here, an appeal by petitioner to the BIA on the current record would be futile.  The government concedes that the BIA has determined, and repeatedly affirmed, that immigration detainees under 8 U.S.C. § 1226(a) bear the burden of demonstrating that they are not a danger to the community.  (Doc. 12 at 17–18); see also In re Adenji, 22 I. & N. Dec. 1102, 1113 (BIA 1999); In re Siniauskas, 27 I. & N. Dec. 207, 207 (BIA 2018).  The BIA has given no indication of an

3

intention to alter this standard. (Doc. 12 at 17–18); In re Siniauskas, 27 I. & N. Dec. at 207; cf. Nativi, 2017 WL 281751, at *2 (declining to excuse exhaustion when the BIA had demonstrated a willingness to adjust bond conditions in response to challenges). Therefore, any appeal by Petitioner to the BIA challenging the immigration judge's allocation of the burden of proof on dangerousness would be denied. The outcome of such an appeal has been predetermined by the BIA's adherence to its stated legal interpretation on the appropriate allocation of the burden of proof. Forcing petitioner to endure a lengthy appeal process, the outcome of which is already known, would be an exercise in futility. As such, petitioner's failure to exhaust his administrative remedies is excused.

II.   Due Process.

Petitioner argues that bearing the burden of proof to show that he is not dangerous violates his Fifth Amendment Due Process rights.[2] The Court agrees, finding the allocation of the burden of proof in petitioner's bond hearing was a violation of petitioner's Due Process rights.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This protection against the deprivation of liberty without due process extends to immigration detainees in deportation proceedings. Demore v. Kim, 538 U.S. 510, 523 (2003) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." (quoting Reno v. Flores, 507 U.S. 292, 306 (1993))); Zuniga-Perez v. Sessions, 897 F.3d 114, 122 (2d Cir. 2018). Joining in the consensus forming among judges of this District, the Court finds that Due Process requires that the government bear the burden of proof on dangerousness during a bond hearing for

---

[2] Petitioner also argues that this allocation of the burden of proof violates the Immigration and Nationality Act as well as the Administrative Procedure Act. The Court declines to reach these arguments.

an individual detained under section 1226(a).  Velasco Lopez, 2019 WL 2655806, at *3 ("It is the Government's burden to justify their detention of an immigrant by clear and convincing evidence."); Garcia, 2020 WL 1435007, at *3 ("This Court agrees that the Government bears the burden of making such showing and by clear and convincing evidence."); see also De La Cruz v. Decker, No. 19-cv-7375 (AKH), 2019 WL 8324539, at *2 (S.D.N.Y. Sept. 13, 2019) (collecting cases); Linares Martinez v. Decker, No. 18-cv-6527 (JMF), 2018 WL 5023946, at *3 (S.D.N.Y. Oct. 17, 2018); Darko v. Sessions, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018).  The Court holds that imposing upon petitioner the burden of proving the negative, i.e. his non-dangerousness to the community, into order to secure his release from custody violates his right to Due Process.[3]  The Court further holds that, if the government attempts to justify petitioner's continued detention at a future bond hearing on the grounds of the danger he poses to the community, it must do so by clear and convincing evidence.[4]

CONCLUSION

The Court will GRANT petitioner's writ of habeas corpus unless a bond hearing, which compiles with this Opinion and Order, is conducted before an immigration judge within 21 days of this Opinion and Order.  The Court will retain jurisdiction over any further proceedings in this matter.

---

[3] The Court does not reach the issue of the proper allocation of the burden of proof for the risk of flight in petitioner's case as this issue was not reached by the immigration judge and so is not ripe for decision.  However, to avoid future proceedings on this issue, the immigration judge, if he finds it necessary to rule on petitioner's risk of flight, may wish to state how he would rule if the burden of proof was placed on the government.

[4] The Court notes that the reasoning as to why the government should bear the constitutional burden of demonstrating dangerousness or risk of flight to a clear and convincing standard is not obvious.  However, in civil commitment cases, the Supreme Court endorsed such a clear and convincing standard.  Addington v. Texas, 441 U.S. 418, 433 (1979).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        June 30, 2020